**NL INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

No. 87–1474.

United States Court of Appeals,
Federal Circuit.

Feb. 24, 1988.

Herbert L. Fenster, of McKenna, Conner & Cuneo, Washington, D.C., argued, for plaintiff-appellant. With him on the brief, were David A. Churchill and Tami Lyn Azorsky.

Terrence S. Hartman, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief, were Avrum Fingeret, Dept. of Energy and Charles Mullins, Nuclear Regulatory Com'n, of counsel.

Before RICH and SMITH Circuit Judges, and NICHOLS, Senior Circuit Judge.

NICHOLS, Senior Circuit Judge.

This is a companion case to *Allied–General Nuclear Services, et al. v. United States*, No. 87–1481, brought also in the Claims Court and decided on cross-motions for summary judgment by the same judge at the same time. Whereas Allied–General was to serve the purpose of the government by reprocessing the spent fuel remaining after its power-producing capability had been exhausted in nuclear power plants, NL Industries was to transport the spent fuel to the Barnwell plant for reprocessing, a difficult and dangerous job. To do it, NL Industries built an elaborate and costly fleet of transportation equipment, which has become useless owing to President Carter's decision not to allow the Barnwell plant to operate. Appellant admits its claim is subject to the same infirmities as that of Allied–General, plus the added one that the act constituting the alleged taking had as its target Allied–General, not NL Industries, so NL Industries is separated from it by an additional step. The trial court, 12 Cl.Ct. 391, rightly, we think, thought that *Omnia Commercial Co. v. United States*, 261 U.S. 502, 43 S.Ct. 437, 67 L.Ed. 773 (1923), was, by itself, authority enough to support its holding that frustration of a business by loss of a customer was not a taking.

The trial court severed counts II and IV of the amended complaint under its Rule 54(b) and its judgment does not relate to them. This action economizes judicial resources by allowing consideration of the "taking" counts I and III, together with Allied–General's appeal. The severed counts allege breach of contract implied in fact. The trial court, following our remand, will consider them and take appropriate action.

AFFIRMED.